# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1354 | **DATE** | March 3, 2011 |
| **CASE TITLE** | People of the State of Illinois v. Asuquo Esang (#2011-0209080) | | |

**DOCKET ENTRY TEXT:**

On the court's own motion, this case is summarily remanded to the Cook County Circuit Court pursuant to 28 U.S.C. § 1446(c)(4). The case is terminated on this court's docket. The defendant's motions for leave to file *in forma pauperis* (Doc [3]) and for production of videotape evidence (Doc [4]) are denied as moot.

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

The defendant, a pretrial detainee in the custody of the Cook County Department of Corrections, has filed a *pro se* notice of removal purportedly pursuant to 28 U.S.C. § 1446(c)(1). The defendant contends that his re-arrest and re-indictment for aggravated battery violate the Constitution's double jeopardy clause because the defendant already served a three-year prison term for that crime.

The court finds that this case must be remanded to state court. The defendant has failed to satisfy either the procedural or substantive requirements for removal.

The defendant has not followed proper removal procedures. Under 28 U.S.C. § 1446(a), a defendant seeking removal of his criminal case must (1) file a signed notice of removal setting forth the grounds for removal, and (2) provide "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." In the case at bar, the defendant has failed to attach a copy of the state court record to his notice of removal.

In addition, the notice of removal would appear to be untimely. Section 1446(c)(1) provides, "A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier. . . ." As the defendant states that he was "re-arrested" on July 8, 2010, almost eight months ago, he has presumably had a preliminary hearing. Arrestees are entitled to
**(CONTINUED)**

mjm

a "prompt" probable cause hearing. *See Gerstein v. Pugh*, 420 U.S. 103, 114 (1975), *Lopez v. City of Chicago*, 464 F.3d 711, 718-719 (7th Cir. 2006). It seems likely that the defendant's arraignment was some time ago.

Finally, even ignoring procedural concerns, the defendant has alleged no cognizable basis for removal. Because this case does not involve allegations of race-based treatment, it does not qualify for removal.

Title 28, United States Code, Section 1443 provides for removal of a state proceeding only where the defendant "is denied or cannot enforce in the [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all person within the jurisdiction thereof." 28 U.S.C. § 1443(1). In other words, removal under that statute is based on the much more narrow focus of a state court's violation or non-enforcement of a law guaranteeing racial equality. *See, e.g., Georgia v. Rachel*, 384 U.S. 780, 786-94 (1966); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 621 (1979); *State of Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986). A case may be removed under § 1443(1) only if a petitioner is deprived of a right secured by a federal law that specifically deals with racial equality. *State of Indiana v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). "Basically, the purpose of § 1443 is to protect defendants from groundless state charges based on race, assuming that a federal court will be more protective of federally guaranteed equal rights." *People of Illinois ex rel. Madigan v. Tarkowski*, No. 08 C 5955, 2009 WL 77671, *2 (N.D. Ill. Jan. 9, 2009) (Coar, J.), *citing J.O. v. Alton Community Unit School Dist.11*, 909 F.2d 267, 270 n. 2 (7th Cir. 1990); *see also Cook County State's Attorney ex rel. Devine v. Tyler*, No. 07 C 1393, 2007 WL 1232082, *2 (N.D. Ill. Apr. 24, 2007) (Moran, J.). The burden is on the defendant seeking removal to establish that jurisdiction is proper. *Id.*

In the case at bar, the defendant asserts that his prosecution is based on "fraud," constitutes a "miscarriage of justice," and violates the Double Jeopardy Clause, but none of those arguments is a ground for removal. Section 1443 is not a general vehicle for a state criminal defendant's assertion of claims of unconstitutional conduct. Federal courts are courts of limited jurisdiction and may only adjudicate cases within their authority. "Removal jurisdiction is . . . completely statutory, and [the court] cannot construe jurisdictional statutes any broader than their language will bear." *Application of County Collector of County of Winnebago, Ill.*, 96 F.3d 890, 895 (7th Cir. 1996) (citing *Cook v. Weber*, 698 F.2d 907, 909 (7th Cir. 1983)). In the absence of any allegation of race discrimination, or the inability of the defendant to assert his rights under state law, this court has no jurisdiction to take over the criminal prosecution. *See Johnson*, 421 U.S. at 219-22.

It should also be noted that the federal courts are largely prohibited from intervening in state criminal prosecutions. "As a general rule, *Younger* abstention "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Village of DePue, Ill. v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008), *quoting FreeEats.com v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2008); *see also Younger v. Harris*, 401 U.S. 37 (1971). The rule in *Younger* "is designed to permit state courts to try state cases free from interference by the federal courts." *Id.*

**(CONTINUED)**

| **STATEMENT** |
|---|

In sum, the defendant failed to comply with procedural and timeliness requirements for removal; furthermore, nothing in the defendant's notice of removal suggests that any race-based discrimination is present here. The defendant (through counsel, if he is represented by an attorney) should file an appropriate motion in his criminal case if he wishes to challenge his prosecution on double jeopardy grounds. The defendant may seek federal review by way of a petition for a writ of habeas corpus if he is ultimately convicted of the pending charge. *See* 28 U.S.C. § 2254, including its exhaustion requirements and filing deadlines.

For the foregoing reasons, on the court's own motion, this case is summarily remanded to the Cook County Circuit Court pursuant to 28 U.S.C. § 1447(c). The case is terminated on this court's docket. The defendant's motion for leave to file *in forma pauperis*, as well as his motion for the production of videotape evidence, are denied as moot.